UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARGARITA FLORES,

                               Plaintiff,

       v.

MATTHEW L. BERGTRAUM,

                               Defendant.

No. 20-CV-1240 (KMK)

OPINION & ORDER

<u>Appearances:</u>

Kenneth J. Zweig, Esq.
Kyle C. Bruno, Esq.
Timothy Lavin, Esq.
Holly O. Ronai, Esq.
Ronai & Ronai, LLP
Port Chester, NY
*Counsel for Plaintiff*

Robert Varga, Esq.
Bonnie L. Fisher, Esq.
Law Office of Thomas K Moore
White Plains, New York
*Counsel for Defendant*

KENNETH M. KARAS, District Judge:

        Plaintiff Margarita Flores ("Plaintiff") brought this Action against Matthew Bergtraum ("Defendant"), alleging that Defendant caused her serious injury when he hit her with his car. (*See* Compl. (Dkt. No. 1).) On January 13, 2022, this Court granted Defendant's Motion for Summary Judgment. (Dkt. No. 47.) Plaintiff appealed the decision on February 7, 2022. (Dkt. No. 51.) On February 10, 2022, Plaintiff submitted the instant Motion for Reconsideration (the "Motion"). ("Pl.'s Mem." (Dkt. No. 53).) Defendant opposed the Motion for Reconsideration on February 24, 2022. (Dkt. No. 55.) Plaintiff submitted a reply on March 3, 2022. (Dkt. No.

56.) The Second Circuit affirmed this Court's decision in the matter, after which Plaintiff, on June 16, 2023, submitted a letter to this Court withdrawing all sections of its Motion for Reconsideration besides the section "concerning [D]efendant's Medical Expert Dr. Jared F Brandoff." (Dkt. No. 60.) Specifically, Plaintiff noted in the letter that "Dr. Brandoff is an orthopedic surgeon, not a radiologist, *who never viewed any of Ms. Flores' MRI films,*" instead relying on "MRI reports - which merely described [Plaintiff's] injuries" and that, accordingly, "his conclusory finding that Ms. Flores' neck and back injuries pre-existed the subject collision[] was insufficient to support his opinion that she did not sustain a 'serious injury.'" (*Id.*)  For the reasons stated below, Plaintiff's Motion is denied.

I.  Discussion

"Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Arthur Glick Truck Sales, Inc. v. Stuphen E. Corp*, 965 F. Supp. 2d 402, 404 (S.D.N.Y. 2013) (citation and quotation marks omitted), *aff'd*, 577 F. App'x 11 (2d Cir. 2014). The standard for such motions is "strict" and "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2017 WL 3443623, at *1 (S.D.N.Y. Aug. 9, 2017) ("It is well established that the rules permitting motions for reconsideration must be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the [c]ourt." (citation and quotation marks omitted)).  A movant may not "rely upon facts, issues, or arguments that were previously available but not presented to the court." *Indergit v. Rite Aid Corp.*, 52 F. Supp. 3d

522, 523 (S.D.N.Y. 2014) (citation omitted).  Nor is a motion for reconsideration "the proper avenue for the submission of new material." *Sys. Mgmt. Arts, Inc. v. Avesta Tech., Inc.*, 106 F. Supp. 2d 519, 521 (S.D.N.Y. 2000).  "Rather, to be entitled to reconsideration, a movant must demonstrate that the [c]ourt overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." *Arthur Glick Truck Sales*, 965 F. Supp. 2d at 405 (citation and quotation marks omitted); *Shrader*, 70 F.3d at 257 (same).  In other words, "[a] motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Alvarez v. City of New York*, No. 11-CV-5464, 2017 WL 6033425, at *2 (S.D.N.Y. Dec. 5, 2017) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)); *see also Indergit*, 52 F. Supp. 3d at 523.

Plaintiff primarily makes two arguments pertaining to this Court's evaluation of Defendant's medical expert, Dr. Brandoff—Plaintiff argues that this Court should have considered that Dr. Brandoff 1) was not a radiologist, and 2) did not review Plaintiff's actual MRI films but instead reviewed the report of the images. (Pl.'s Mem. 3–4.)  Plaintiff argues that the case law supports the contention that "in cases where defendant is relying upon a medical expert who in turn is relying upon MRIs to inform his opinion, in order to satisfy its burden [that the plaintiff did not sustain a serious injury within the meaning of Insurance Law §5102(d)] the defendant must have a doctor, preferably a radiologist, <u>review the actual MRI films</u> to be able to opine on the nature and extent of the injuries." (*Id*. at 5.)  However, Plaintiff did not present these arguments in her opposition to summary judgment. (*See* Dkt. No. 38.)  "Because a motion for reconsideration is not an opportunity for [Plaintiff] to present new arguments to the Court,

3

this contention [] fails." *Boakye–Yiadom v. Laria*, No. 09–CV–0622, 2013 WL 3094943, at *4 (E.D.N.Y. June 18, 2013); *see also Indergit*, 52 F. Supp. 3d at 523 (explaining that a movant may not advance "arguments that were previously available but not presented to the court"); *VR Global Partners, L.P. v. Bennett (In re Refco Capital Mkts., Ltd. Brokerage Customer Sec. Litig.)*, Nos. 06–CV–643, 07–CV–8686, 07–CV–8688, 2008 WL 4962985, at *1 (S.D.N.Y. Nov. 20, 2008) (noting that a "motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue").

As Plaintiff has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," Plaintiff's Motion is denied. *Geo-Grp. Commc'ns, Inc. v. Shah,* No. 15-CV-1756, 2020 WL 6729181, at *2 (S.D.N.Y. Nov. 16, 2020). Indeed, a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

## II. Conclusion

For the foregoing reasons, Plaintiff's Motion is denied. The Clerk of Court is respectfully directed to terminate the pending Motion. (Dkt. No. 53.)

SO ORDERED.

Dated:  September 26, 2023
        White Plains, New York

KENNETH M. KARAS
United States District Judge